terms of the contract. *See Swetnam v. U.S. By–Products Corp.*, 510 S.W.2d 829 (Mo.App. W.D.1974);[5] *Venable*, 903 S.W.2d at 664.[6]

■ Miller Building's contention that the parties' failure to specifically define the term "net profit" should render the contract too indefinite to be enforceable is likewise without merit. Where a contract utilizes the term "net profit" and does not provide any further definition of that term, the court reviewing the contract will "interpret the meaning of 'net profits' in accord with the contracting parties' intention so as to reach an interpretation that is fair and reasonable considering 'the relationship of the parties, the subject matter of the contract, the usages of the business, the surrounding facts and circumstances attending the execution of the contract and its interpretation by the parties.'" *Siteman v. Marine Petroleum Co.*, 511 S.W.2d 436, 439 (Mo.App. E.D.1974) (quoting *Gabel–Lockhart Co. v. Gabel*, 360 Mo. 518, 229 S.W.2d 539 (1950)).[7] Therefore, the failure of the parties to define the term "net profit," a term commonly used utilized in contracts, does not render the contract too indefinite to be enforceable. *See Id.*

Having found that Miller Building was not entitled to judgment as a matter of law under any of the theories asserted in its motion for summary judgment, we must reverse the judgment of the trial court and remand the cause for further proceedings.

All concur.

Michael PONDER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 61444.

Missouri Court of Appeals,
Western District.

June 17, 2003.

**5.** In *Swetnam v. U.S. By–Products Corp.*, 510 S.W.2d 829 (Mo.App. W.D.1974), a former employee claimed to be entitled to a bonus payment pursuant to an oral agreement by the employer to pay a bonus based on the profits of the employer before taxes. The trial court found that the employee was entitled to the bonus, and the employer appealed. *Id.* at 829. The employee testified that the company orally agreed that he would be paid a specific percentage of company profits in addition to his salary for assuming new responsibilities at the company. *Id.* at 830. The company terminated the employee a few weeks prior to the running of the fiscal year and refused to pay the bonus. *Id.* The court held that, under those circumstances, "[w]here there is no evidence that a condition of the payment of the bonus is that the employee remain in the employ of the defendant until the end of the year, termination of the employment cannot defeat the recovery of a proportionate part of the bonus." *Id.* at 831.

**6.** In *Venable v. Hickerson Phelps Kirtley & Assoc.*, 903 S.W.2d 659, 664 (Mo.App. W.D. 1995), this Court reversed the trial court's dismissal of a former employee's claim that his former employer had breached an oral agreement to pay him a bonus of between $10,000 and $30,000 for arranging a merger.

**7.** With regard to the manner in which net profit would be calculated, Pratt testified that he was only aware of one way to calculate net profit on a construction job. Furthermore, Pratt testified that he had received a percentage share on several projects that he had obtained for Miller Building in the past and that net profit had always been calculated the same way. He also stated that Mr. Miller would calculate the net profit on the jobs and that he would review the figures.

Kent Denzel, Esq., CO, for appellant.

John M. Morris, III, Esq., Jefferson City, for respondent.

Before HOWARD, P.J., LOWENSTEIN and HARDWICK, JJ.

**ORDER**

PER CURIAM.

Michael Ponder appeals the denial of his Rule 29.15 Motion for postconviction relief. For reasons stated in the Memorandum provided to the parties, we affirm the Motion Court's judgment. Rule 84.16(b).

■

**Clinton O. O'HARE, Appellant,**

v.

**Linda S. O'HARE, Respondent.**

**No. WD 61332.**

Missouri Court of Appeals, Western District.

June 17, 2003.

Leonard K. Breon, Esq., Warrensburg, MO, Attorney for Appellant.

James P. Buckley, Esq., Sedalia, MO, Attorney for Respondent.

Before: HOWARD, P.J., LOWENSTEIN and HARDWICK, JJ.

**ORDER**

PER CURIAM.

Clinton O'Hare appeals the marital dissolution judgment awarding maintenance to Linda O'Hare. For reasons stated in the Memorandum provided to the parties, we affirm. Rule 84.16(b).

■

**CITY OF SUGAR CREEK, Missouri, Respondent,**

v.

**Edward REESE, Jr., Donald Edwards and Barbara Edwards, Appellants.**

**No. WD 61295.**

Missouri Court of Appeals, Western District.

June 17, 2003.

C. Robert Buckley, Independence, MO, for Respondent.

Douglas J. Patterson, Leawood, KS, for Appellants.

Before HOWARD, P.J., and LOWENSTEIN and HARDWICK, JJ.

**Order**

PER CURIAM.

Donald and Barbara Edwards and Edward Reese, Jr., appeal from the circuit court's granting of injunctive and declaratory relief to the City of Sugar Creek (the "City"). The appellants raise three points